IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORDO

Civil Action No. 20-CV-03438

DOUGLAS HUNDERMAN; and
DOROTHY HUNDERMAN

       Plaintiffs

v.

NATIONSTAR MORTGAGE, LLC;

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS
SUCCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE
FOR FIRST FRANKLIN MORTGAGE LOAN TRUST,
MORTGAGE LOAN ASSET-BACKED CERTIFICATES,
SERIES 2005-FF12; and

BARRETT FRAPPIER & WEISSERMAN, LLP

       Defendants

---

### DEFENDANT BARRETT FRAPPIER & WEISSERMAN, LLP'S REPLY TO PLAINTIFF'S RESPONSE (Doc. 32 filed 3/15/21) TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

Defendant Barrett Frappier & Weisserman, LLP ("BFW"), replies in support of its motion to dismiss Plaintiffs Douglas Hunderman's and Dorothy Hunderman's (collectively the "Hundermans") First Amended Complaint ("AC") pursuant to F.R.C.P. 12(b)(6) as follows:

### SUMMARY OF REPLY

The Hundermans fail to state a FDCPA claim because foreclosing is not threatening dispossession. Interpreting foreclosure to be threatening dispossession would cause absurd results.

The Hundermans assert they sufficiently allege termination on the merits because they are "free of liability." However, denial of an order authorizing sale is not a termination on the merits of the lender's right to foreclose; instead, it requires a lender to pursue its rights elsewhere. A Rule 120 court may only determine whether a lender has sufficiently demonstrated a default that justifies the exercise of the power of sale contained in a deed of trust.

The Hundermans assert that they sufficiently allege lack of probable cause by alleging that Bank of America signed the modification. However, this allegation is not dispositive of whether there was probable cause to foreclose. Among other facts, the Amended Complaint alleges that the signed modification was not returned to the Hundermans, that Bank of America asserted there was no modification, and regardless of modification, that there was a loan secured by a deed of trust on which the Hundermans failed to make even the disputed payments. These facts support probable cause.

The Hundermans assert they allege malice because BFW has no duty to file a frivolous case. However, the case was not frivolous, and the Hundermans allege only that BFW represented the lender in the foreclosure proceedings. By itself, this is insufficient to plausibly allege malice by BFW.

**REPLY**

I.   15 U.S.C. § 1692f(6) does not bar foreclosure attorneys from foreclosing.

The Hundermans argue that foreclosure "universally leads to the homeowner being dispossessed." That is, *they conflate foreclosing with dispossessing* while ignoring the self-help condition. They are not the same. Section 1692f(6) prohibits:

> **(6)** Taking or threatening to take any *nonjudicial action* to effect *dispossession* or *disablement* of property if--

> **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> **(B)** there is no present intention to take possession of the property; or
> **(C)** the property is exempt by law from such dispossession or disablement.

[emphasis supplied].  That is, it prohibits ***self-help eviction*** or the threat thereof, except in certain situations.  It says nothing about and does not prohibit foreclosure.  A foreclosure attorney performing a non-judicial foreclosure is excluded as a debt collector for other purposes of the Fair Debt Collection Practices Act ("FDCPA") because to interpret the FDCPA otherwise would have the absurd result of placing foreclosure attorneys in the position of violating the FDCPA to comply with state foreclosure law.  *Obduskey v. McCarthy and Holthus LLP*, 139 S.Ct. 1029, 1038 (2019).  The same reasoning applies here.  Equating foreclosing and dispossessing would have the absurd result of limiting the application of the FDCPA on foreclosure attorneys to this section, but then having them violate it by foreclosing in accordance with state law.  Instead, if the lender gains ownership by foreclosure, the borrower loses the right to stay in the property.  Any subsequent eviction ***is with a present right to possession of the property***.  Colo. Rev. Stat. § 13-40-104(f).  Foreclosing then evicting in accordance with the law is not an "unfair" practice.

II.     The AC does not allege termination on the merits, lack of probable cause, or malice.

The Hundermans assert various paragraphs as alleging termination on the merits, lack of probable cause, and malice on the part of BFW.  The paragraphs asserted by Plaintiffs negate their legal conclusions.

A.     A Rule 120 order cannot be a termination "on the merits" as a matter of law.

The Hundermans asserts they pled termination on the merits in AC ¶ 43 and in AC Exhibit 5.  However, denial of the order authorizing sale is not a termination on the merits, as a matter of law.

The Hundermans admit "to be terminated in favor of the malicious prosecution plaintiff, the prior proceedings must be dismissed *on the merits*." Response at 7. Favorable termination alone is not sufficient; it must be *on the merits*. They assert their legal conclusion that the Rule 120 Court's order somehow made them "free from liability." Response at 8. It didn't:

> An order granting or denying a motion filed under this Rule shall not constitute an appealable order or final judgment. The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the ***denial of any such motion shall be without prejudice to any other right or remedy of the moving party*** [emphasis supplied].

Colo. R. Civ. P. 120(d)(4). Because the order is *without prejudice*, it cannot be a determination *on the merits*. The significance of the Court's denial is that *the lender would have to seek relief in some other forum, NOT that Plaintiffs were free of liability*. Indeed, the Rule 120 Court stated:

> Based upon the evidence presented, the Court finds Plaintiff failed to establish by a preponderance of the evidence the terms of the current loan agreement. Plaintiff cannot establish a default without reference to a specific agreement. Plaintiff has failed to meet the its [sic] burden at hearing and put forth evidence to support a reasonable probability of default finding."

AC Exhibit 5. That is, the Rule 120 Court did not find the loan was modified or the Hundermans were not in default; it found the lender failed to establish the current loan terms.

Indeed, the Hundermans ignore that the scope of a hearing is limited to the existence of a default authorizing exercise of a power of sale under the terms of the deed of trust, whether the requirements of the Servicemembers Civil Relief Act apply, whether the moving party is the real party in interest, and whether the status of any request for a loan modification agreement bars a foreclosure sale as a matter of law. Colo. R. Civ. P. 120(d). Because of the narrowness of the

scope of the hearing, the Rule 120 Court *could not have adjudicated liability*. Any such ruling would be outside the Rule 120 Court's jurisdiction.

Colorado law is crystal clear: because a Rule 120 proceeding is without prejudice it does determine the underlying merits. *Mayotte v. U.S. Bank N.A. as Trustee for Structured Asset Inv. Loan Trust Mortgage Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1173 (10th Cir. 2018); *Hastings v. Security Thrift & Mtg. Co.*, 145 Colo. 36, 38, 357 P.2d 919, 921 (1960). The Rule 120 order did not even purport to determine liability, only that the lender could not proceed with foreclosure through the Public Trustee. This was a favorable termination, but as a matter of law, it could not be on the merits.

B.   The AC alleges many facts to support probable cause.

The Hundermans assert that they pled lack of probable cause in AC ¶¶ 11, 12, 16, 23, 36, 39 and 41. However, these and other paragraphs allege the parties disputed whether there was a modification, and other facts that support a reasonable belief that probable cause existed.

Essentially, the Hundermans assert that there was no probable cause because their attorney concludes there is no probable cause. The question is not what Plaintiff's attorney concludes, but whether BFW reasonably believed in the existence of the facts upon which the claim is based, and either correctly or reasonably believed that under those facts the claim may be valid under the applicable law. Restatement 2nd of Torts § 675.

The AC amply alleges facts that support probable cause: the Hundermans executed a note and deed of trust, AC at ¶ 4; they defaulted on the payments and sought a modification, AC at ¶¶ 5-10; Bank of America sent them loan modification documents, which they signed and returned, AC at ¶ 11; the Hundermans never received a countersigned copy, AC at ¶12; instead, Bank of

America sent new modification documents, AC at ¶ 13; the Hundermans declined to sign the new documents, but tendered payments based on the first modification documents, AC at ¶ 15; Bank of America informed the Hundermans that, because they had not signed and returned the second modification documents, it was declaring a default, AC at ¶16; the Hundermans filed bankruptcy, AC at ¶22; Nationstar filed a copy of the modification signed by Bank of America in the bankruptcy, AC at ¶23; that notwithstanding filing the signed modification with the bankruptcy court; that Nationstar asserted that:

> The modification was not approved with Bank of America because you did not return the signed modification agreement.  The second Modification that was provided on March 25, 2013, was a corrected Modification Agreement, and it was never signed, therefore the account was not approved for a modification.
>
> We cannot advised [sic] why a countersigned agreement was not provided to you Bank of America [sic].

AC Exhibit 3; Nationstar and Wilmington (represented by BFW) subsequently filed a foreclosure, AC at 35; the Hundermans disputed the Rule 120 proceedings, AC at ¶ 36; the parties discussed settlement, AC at ¶¶ 38-41; regardless of modification, BFW elicited Mr. Hunderman admitted that he stopped making the disputed payments, AC Exhibit 6 at 4.

The Hundermans essentially assert that the *only* pertinent allegation is that the signed modification was filed with the Bankruptcy Court.  It isn't.  The other alleged facts suggest that Bank of America realized there was an error in the document after it was signed, and, did not return the signed copy because they did not accept it, but instead sent the corrected modification. The Hundermans' theory that Bank of America "secretly" accepted the modification then spent years demanding a different modification is implausible.  Rather, more consistent with the alleged facts is the person who prepared what usually is a routine bankruptcy filing found the

document but did not realize that the modification had NOT been accepted by Bank of America. Furthermore, and regardless of modification, the AC alleges there was a loan, secured by a deed of trust, and that the Hundermans had not made even the disputed payments for some period. These allegations show ample legal and factual basis for BFW reasonably to believe that the foreclosure claim was and is valid.

      C.      <u>Something more than merely representing a client is needed to allege malice.</u>

The Hundermans assert that they allege malice in ¶¶ 11, 12, 16, 23, 36, 39 and 41 of the AC. Paragraphs 11, 12, 16, 23, and 36 do not allege any action or motive of **BFW**, but rather ***their dealings with the lender***. Paragraphs 39 and 41 allege settlement communications between counsel after the matter was filed. There is no allegation suggesting malice by BFW in bringing or continuing to prosecute the foreclosure.

The Hundermans implicitly argue that malice should be inferred because BFW "has no duty to file a frivolous case" and their legal conclusion as to the merits of the foreclosure is determinative. As noted, the AC alleges many facts that show the foreclosure was not frivolous, but even if Plaintiffs were correct on this point:

> *d. Attorneys.* An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is not liable if he has probable cause for his action (see § 675); **and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim**. (See § 676). **An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances**.

Restatement 2nd of Torts § 674, cmt. d [emphasis supplied]. Malice cannot be inferred simply from the attorney litigating the matter to conclusion. In the absence of any allegation suggesting

malice by BFW, the complaint does not contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## CONCLUSION

Foreclosing is not threatening dispossession or dispossessing. Plaintiffs FDCPA claim fails because they do not allege any threat of or actual dispossession.

As a matter of law, a Rule 120 order cannot be an adjudication of the merits of a foreclosure because it is without prejudice. It can only determine whether there is reasonable probability that exercise of the power of sale is warranted. Failing to obtain an order authorizing sale, a lender is required to foreclose judicially or enforce in some other manner. Accordingly, the malicious prosecution claim does not allege termination "on the merits."

That Bank of America signed the modification is not dispositive of probable cause. Because the Amended Complaint alleges many facts that affirmatively show probable cause, the malicious prosecution claim must fail.

Finally, because there are no factual allegations of malice or improper purpose by BFW - only that BFW represented its client - the Amended Complaint fails to plausibly allege malice.

WHEREFORE, defendant Barrett Frappier & Weisserman, LLP requests that the Court dismiss plaintiffs Douglas Hunderman and Dorothy Hunderman's claims against it pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

Respectfully submitted this 26th day of March 2021.

                                          Barrett Frappier & Weisserman, LLP

                                          By  */s/ Randall M. Chin*
                                          Randall M. Chin, CO Reg. No. 31149
                                          Barrett Frappier & Weisserman, LLP
                                          1391 Speer Boulevard, Suite 700
                                          Denver, Colorado 80204
                                          Phone: 303-327-8786
                                          Email: randallc@bdfgroup.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). This reply brief contains 2490 words.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March 2021 I electronically filed the foregoing with the Clerk of Court using the CM/CEF system which will send notification of such filing to the following:

| | |
|---|---|
| Blair K. Drazic, Esq.<br>1194 Rance Canyon Dr. Unit 6, Ste 16<br>Loma, CO 81524<br>blairdrazic@gmail.com | Taylor T. Haywood, Esq.<br>Lauren R. Lee, Esq.<br>Akerman LLP<br>1900 Sixteenth Street, Suite 1700<br>Denver, CO 80202<br>Taylor.haywood@akerman.com<br>Lauren.lee@akerman.com |

                                          */s/ Randall M. Chin*